IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01011-DME-MEH

ROY ALLEN GREEN,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,
WARDEN WILEY,
DR. LAWRENCE LAYVA, and
DR. NAFZIGER,

    Defendants.

---

## ORDER

---

**Michael E. Hegarty, United States Magistrate Judge**.

Pending before the Court is a Motion to Temporarily Stay Discovery, filed by Defendants Bureau of Prisons, Wiley, and Nafziger [filed September 28, 2007; docket #31]. The matter is briefed and has been referred to this Court for disposition [doc #32]. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Motion is **granted in part** and **denied in part**.

**I.    Background**

Plaintiff instituted this action on May 15, 2007 by filing a Prisoner Complaint alleging that Defendants were deliberately indifferent to his medical needs by refusing to treat or diagnose his hepatitis, which allegedly led to "irreversible extensive fibrosis of the liver and chirocis [sic]." Complaint at 3. In response to the Complaint, Defendants Bureau of Prisons, Wiley and Nafziger[1] filed a Motion to Dismiss arguing that Defendants are protected by (1) Plaintiff's failure to exhaust

---

[1] Defendant Leyba [incorrectly titled as "Layva" in the caption] has not yet been served.

his administrative remedies; (2) qualified immunity; (3) lack of personal participation; (4) Plaintiff's lack of entitlement to injunctive or declaratory relief; and (5) the applicable statute of limitations. Motion to Dismiss at 1.

Just days later, Defendants filed the within Motion to Temporarily Stay Discovery ("Motion"), based upon their jurisdictional and qualified immunity allegations. Defendants note in the Motion that they would be willing to supply the last known address for Defendant Leyba, for purposes of service of the Complaint in this matter, but asked to stay all other discovery. Motion at 5. Plaintiff opposes Defendant's Motion contending that "stay[ing] discovery would subject plaintiff to further continuous pain and suffering and further irreversable [sic] damage to his liver and other organs due to his untreated hepatitis." Response at 1. Plaintiff argues that "[t]here are items of discovery necessary for plaintiff to have to completely refute defendants [sic] frivilous [sic] allegations in their motion to dismiss." *Id.* However, on the same day, Plaintiff had already filed his Response to Defendants' Motion to Dismiss. *See* Doc #39.

## II. Discussion

The Supreme Court has emphasized the broad protection qualified immunity affords, giving officials "a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery.'" *Behrens v. Pelletier,* 516 U.S. 299, 308 (1996) (quoting *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985)); *see also Crawford-El v. Britton,* 523 U.S. 574, 598 (1998). Consequently, courts should resolve the purely legal question raised by a qualified immunity defense at the earliest possible stage in litigation. *Albright v. Rodriguez,* 51 F.3d 1531, 1534 (10th Cir.1995); *see also Medina v. Cram,* 252 F.3d 1124, 1127-28 (10th Cir.2001).

The Court has broad discretion to stay proceedings as an incident to its power to control its own docket. *See Clinton v. Jones,* 520 U.S. 681, 706-07 (1997) (citing *Landis v. North American*

*Co.,* 299 U.S. 248, 254 (1936)).  Because Defendants' Motion to Dismiss raises legal questions of this Court's jurisdiction over the subject matter of the dispute, the question should be resolved as early as possible in the litigation. *See Albright,* 51 F.3d at 1534.  Moreover, Plaintiff has failed to articulate a legitimate need for discovery necessary to overcome the presumption in favor of granting a stay of discovery.

Consequently, the Court will grant a stay as to all discovery with respect to Defendants Federal Bureau of Prisons, Wiley and Nafziger in this matter pending the disposition of the Motion to Dismiss filed by the Defendants.  For purposes of service in this matter, the Court will order that Defendants provide the last known address of Defendant Leyba by filing the information with the Court under seal pursuant to the federal and local rules of this Court.

### III. Conclusion

Accordingly, for the reasons stated above, it is hereby ORDERED that the Motion to Temporarily Stay Discovery filed by Defendants Federal Bureau of Prisons, Wiley and Nafziger [<u>filed September 28, 2007; doc #31</u>] is **granted**.  All discovery regarding Defendants Federal Bureau of Prisons, Wiley and Nafziger is hereby stayed in this case pending the District Court's ruling on the Defendants' Motion to Dismiss.

It is further ORDERED that Defendants shall provide the last known address of Defendant Leyba [incorrectly titled as "Layva" in the caption] by filing the information with the Court under seal pursuant to the federal and local rules of this Court **on or before November 26, 2007** for purposes of service of the Complaint in this matter.

4

Dated at Denver, Colorado, this 15th day of November, 2007.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge