IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 07-cv-01011-DME-KMT

ROY ALLEN GREEN,

    Plaintiff,

v.

WARDEN WILEY,
DR. LAWRENCE LAYVA [sic LEYBA], and
DR. NAFZIGER,

    Defendants.

---

# ORDER

---

    This matter is before the court on Plaintiff Green's "Motion for Change of Venue Order" [Doc. No. 65, filed March 10, 2008]. Defendants responded on March 28, 2008 ("Rsp.") [Doc. No. 68] and the motion is now ripe for review and ruling.

    Plaintiff's Complaint, brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*,[1] alleges that several Bureau of Prisons employees violated his Eighth and Fifth Amendment rights by delaying treatment of his Hepatitis-C which resulted in the infliction of cruel and unusual punishment without due process of law. Compl. [Doc. No. 3].

---

[1] 403 U.S. 388 (1971).

Plaintiff, who at the time he filed the motion was and apparently still is, incarcerated at the United States Penitentiary - Victorville in Adelanto, California, has requested that this court grant a change of venue pursuant to 28 U.S.C. § 1404 and transfer his case to the Central District of California. Plaintiff posits that such a change in venue "would make trial and other matters more convenient for Plaintiff and prison officials if the proceedings were held in his district of physical residence . . ."

Title 28, U.S.C. § 1404 provides

> (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. (*Id.*)

The general venue statute applicable to *Bivens* actions is Title 28 U.S.C. § 1391. Section (b) of that statute provides

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. (*Id.*)

All of the defendants in this action reside in the state of Colorado. *See* Rsp., Exh. A, Doc. No. 68-2, Decl. of Ronnie Wiley; Rsp., Exh. B, Doc. No. 68-3, Decl. of Steven Nafziger; Rsp., Exh. C, Doc. No. 68-4, Decl. of Lawrence Leyba.). Therefore, venue is improper in the Central District of California, or any other district court in California and this action could not have been legally brought there originally. Transfer pursuant to 28 U.S.C. §1404 is therefore not

permitted.  See also, 6 Fed. Proc., L. Ed. *Venue Under 28 U.S.C.A. §1391* §11:124 (2008) (prison inmate's incarceration in the district in which he files a federal civil-rights suit is an insufficient link to the district to justify venue.); *Garrett v. Klingner*, 2001 WL 649132, *3 (10th Cir. 2001) (Medical director of a prison facility outside the plaintiff's originally selected forum had insufficient minimum contacts to satisfy the test for personal jurisdiction.)

The plaintiff has set forth no other grounds which would support a change of venue to a District without personal jurisdiction over any of the defendants.

Therefore it is **ORDERED**:

Plaintiff Green's Motion for Change of Venue Order [Doc. No. 65] is **DENIED.**

Dated this 23d day of January, 2008.

                                          **BY THE COURT:**

                                          Kathleen M. Tafoya
                                          United States Magistrate Judge