IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 07-cv-01011-DME-KMT

ROY ALLEN GREEN,

    Plaintiff,

v.

WARDEN WILEY,
DR. LAWRENCE LAYVA, and
DR. NAFZIGER,

    Defendants.

## ORDER

This matter is before the court on "Plaintiff's Second Motion to Amend Complaint." [Doc. No. 69, filed May 2, 2008]. Defendants filed a Response on May 16, 2008. [Doc. No. 71]. No reply was filed by plaintiff.

This *Bivens* action concerns plaintiff's claims that prison officials and medical providers did not properly and timely treat his hepatitis and have, therefore, caused his physical condition to have considerably worsened. On January 21, 2009, Judge David Ebel dismissed all of plaintiff's claims against the Bureau of Prisons and all official capacity claims against the remaining defendants, but allowed the Fifth and Eighth Amendment claims against Warden Wiley, Dr. Nafziger, and Dr. Lebya in their individual capacities to go forward. [Order, Doc. No. 92]. Therefore, this motion is ripe for review and ruling.

Plaintiff attaches to his Motion a proposed Amended Complaint ("Am.Compl.") in which he seeks to add as defendants: supervisory Bureau of Prisons employees Harley Lappin

("Lappin"), Michael Nalley ("Nalley") and Harrell Watts ("Watts"), as well as the United States of America. (Mot., Am. Compl., Doc. No. 69-2). The plaintiff's claims for relief do not appear to have changed. The only factual allegations against the new defendants are that they, while undertaking their official duties, denied some of plaintiff's administrative grievances and appeals. (*See* Am.Compl., ¶¶ D.6, 7, 8).

**Federal Rule of Civil Procedure 15(a)**

Pursuant to Fed. R. Civ. P 15(a), the Court is to freely allow amendment of the pleadings "when justice so requires." The grant or denial of an opportunity to amend is within the discretion of the Court, but "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

        **1.    Undue Delay.**

A motion to amend should be denied if a plaintiff has unduly delayed in seeking the amendment. *Wessel v. City of Albuquerque*, 299 F.3d 1186, 1197 (10th Cir. 2002) (citing cases). The important inquiry is not simply whether a plaintiff has delayed, but whether such delay is undue. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006). A defendant is prejudiced by an untimely amendment if the amendment will alter the focus of the case at a date that is too late for the defendants to adequately prepare for trial. *Orr v. City of Albuquerque*, 417 F.3d 1144, 1153 (10th Cir. 2005) ("[A] plaintiff should not be prevented from pursuing a valid

claim just because she did not set forth in the complaint a theory on which she could recover, provided always that a late shift in the thrust of the case will not prejudice the other party in maintaining his defense upon the merits.") (citation omitted). Prejudice is most likely to be found "when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Minter*, 451 F.3d at 1208.

There is no evidence of undue delay by the plaintiff herein. Judge Ebel's January 2009 has clarified and narrowed the issues remaining for trial. Therefore, the amendment should not be barred solely on timeliness.

### 2. Prejudice to Defendants.

Prejudice under Rule 15 "means undue difficulty in prosecuting [or defending] a lawsuit as a result of a change of tactics or theories on the part of the other party." *Deakyne v. Commissioners of Lewes*, 416 F.2d 290, 300 (3d Cir. 1969); *see also LeaseAmerica Corp. v. Eckel*, 710 F.2d 1470, 1474 (10th Cir. 1983). The party opposing the amendment of the pleadings has the burden of showing prejudice. *Beeck v. Aquaslide 'N' Dive Corp.*, 562 F.2d 537, 540 (8th Cir. 1977). The prejudice with which the Rule is concerned is the prejudice to the party's ability to prosecute or defend.

The record provides no basis for a finding of undue prejudice to the Defendants by allowing the filing of the Am. Compl. given the pendency of various motions and Judge Ebel's recent Order. The subject matter of the claims remains unchanged, and the role the new defendants are alleged to have in the claimed deprivations of plaintiff have been part of the case since its inception.

### 3. Bad faith or dilatory motive; failure to cure deficiencies by amendments previously allowed.

These exceptions to the principle of a freely allowed right to amend a complaint do not appear to have bearing on the analysis herein. The Complaint has not been previously amended and no bad faith as been alleged.

### 4. Futility of Amendment.

An amendment to a complaint is futile if the Plaintiff can prove no set of facts in support of his amendment that would entitle him to relief. *E.g., Beckett ex rel. Continental Western Ins. Co. v. United States*, 217 F.R.D. 541, 543 (D. Kan. 2003). A district court is clearly justified in denying a motion to amend as futile only if the proposed amendment cannot withstand a motion to dismiss or otherwise fails to state a claim. *See Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992). ". . .[T]he district court may deny leave to amend where amendment would be futile. A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Services*, 175 F.3d 848, 859 (10th Cir.1999).

For the same reasons as set forth in Judge Ebel's January, 2009 Order, the official capacity claims against Lappin, Nalley and Watts will be barred and therefore the attempt to add those official capacity claims is futile. Further, for the same reasons the Bureau of Prisons was eliminated as a defendant in this matter, the claims against the United States of America will also be barred. Therefore, an amendment to add that defendant is also futile.

As noted, the individual capacity claims against Lappin, Nalley and Watts are only that they denied plaintiff's grievance appeals. There are no facts whatsoever alleged that the denials of the appeals were improper, or that there was any constitutional violation in the denial of the appeals. Plaintiff's complaint states only,

> 7. On or about September 22, 2005 the Defendant, Michael Nalley, denied the Plaintiff's appeal, stating the Plaintiff's care was within compliance with BOP Policy.
> 8. On or about October 6, 2005 the Plaintiff appealed to the BOP Director, who is named as a defendant, Harley Lappin. On Jan. 12, 2006 the Plaintiff's final appeal was reviewed and neither granted nor denied following a review by defendant Watts. No substantially alternative treatment was provided following the appeal.

(Am.Compl.). Thereafter, plaintiff merely concludes, "[t]he defendants (BOP, Wiley, Nalley, Lappin, Watts) had a pre-existing duty fixed by statute, 18 U.S.C. § 4042 et seq., to provide necessary, adequate, and effective treatment of the Plaintiff's disease." (Am. Compl. ¶ 13).

"[G]overnment officials performing discretionary functions generally are granted a qualified immunity and are "shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Wilson v. Layne,* 526 U.S. 603, 614-615 (1999) (quoting *Harlow v. Fitzgerald*, 457 U.S.800, 818 (1982)). *See also Hall v. Thomas*, 190 F.3d 693, 696 (5th Cir. 1999) (recognizing that the administration of medical care to an inmate is a discretionary function). What this means in practice is that "whether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the 'objective legal reasonableness' of the action, assessed in light of the legal rules that were 'clearly established' at the time it was taken." *Anderson v. Creighton*, 483 U.S. 635, 639 (1987) (citing *Harlow* at 819).

> The Supreme Court has defined "clearly established" as
>
> "[C]learly established" for purposes of qualified immunity means that "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of pre-existing law the unlawfulness must be apparent."

*Anderson* at 640; *see also United States v. Lanier*, 520 U.S. 259, 270 (1997).

While qualified immunity is an affirmative defense, *Gomez v. Toledo*, 446 U.S. 635, 640 (1980), unlike other affirmative defenses, qualified immunity not only shields a defendant from liability, but is also intended to protect the defendant from the burdens associated with trial. *Pueblo Neighborhood Health Centers, Inc. v. Losavio*, 847 F.2d 642, 645 (10th Cir.1988). When a defendant asserts a defense of qualified immunity, the plaintiff bears a heavy two-part burden. Initially, the plaintiff must show the defendant's conduct violated a constitutional right. The court must accept the plaintiff's version of the facts as true, without reference to other submitted materials. In this case there is nothing factually asserted against defendants Nalley, Lappin and Watts to justify a finding that their conduct violated any constitutional right against plaintiff. *Tonkovich v. Kansas Bd. of Regents,* 159 F.3d 504, 517 (10th Cir. 1998).

Further, the violation alleged by the plaintiff must be such that a reasonable person would have understood the conduct in question to be in contravention of the Constitution at the time the alleged violations occurred. *Wilson*, 526 U.S. at 609; *see also Butler v. Prairie Village*, 172 F.3d 736, 745 (10th Cir. 1999); *Romero v. Fay*, 45 F.3d 1472, 1475 (10th Cir. 1995).

Qualified immunity precludes the imposition of liability for "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Where government officials "of reasonable competence could disagree on th[e] issue, immunity should be recognized." *Id*. at 341.

Nalley, Lappin and Watts are clearly entitled to the protections of qualified immunity given the lack of factual support for any wrongful conduct in plaintiff's proposed Amended Complaint. Since the claims against Lappin, Watts and Nalley would be subject to Rule 12 dismissal, the amendment seeking to add them as defendants is futile.

Accordingly, for the reasons stated above, it is hereby **ORDERED**:

Plaintiff's Second Motion to Amend Complaint [Doc. No. 69] is **DENIED.**

Dated this 4th day of February, 2009.

                                              **BY THE COURT:**

                                              Kathleen M. Tafoya
                                              United States Magistrate Judge